**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DANNING HUANG, derivatively on behalf of J2 GLOBAL, INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 20-cv-01687-LPS |
| VIVEK SHAH, NEHEMIA ZUCKER, R. SCOTT TURICCHI, DOUGLAS Y. BECH, ROBERT J. CRESCI, SARAH FAY, W. BRIAN KRETZMER, JONATHAN F. MILLER, RICHARD S. RESSLER, and STEPHEN ROSS, Defendants, | ) | **DEMAND FOR JURY TRIAL** |
| J2 GLOBAL, INC., Nominal Defendant. | ) | |

**STIPULATION AND [PROPOSED] ORDER REGARDING STAY OF PROCEEDINGS**

WHEREAS, on December 11, 2020, plaintiff Danning Huang ("Plaintiff") filed in this Court a purported stockholder derivative complaint (the "Derivative Action") against defendants Vivek Shah, Nehemia Zucker, R. Scott Turicchi, Douglas Y. Bech, Robert J. Cresci, Sarah Fay, W. Brian Kretzmer, Jonathan F. Miller, Richard S. Ressler, and Stephen Ross (collectively, the "Director Defendants"), and nominal defendant J2 Global, Inc. ("J2," together with the Director Defendants, "Defendants");

WHEREAS, a putative securities class action lawsuit, asserting federal claims arising from facts common to those at issue in the Derivative Action, was filed in the U.S. District Court for the Central District of California under the caption *Garcia, et al. v. J2 Global, Inc., et al.*, No. 2:20-cv-06096-FLA-MAA (the "Securities Action");

WHEREAS, on October 13, 2020, the U.S. District Judge presiding over the Securities Action entered an Order appointing a Lead Plaintiff for the Securities Action (Securities Action D.I. 28);

WHEREAS, the defendants in the Securities Action have filed a motion to dismiss that is under submission (Securities Action D.I. 43);

WHEREAS, the parties agree that resolution of the anticipated motion to dismiss in the Securities Action may have bearing on the claims asserted in the Derivative Action; and

WHEREAS, a stay of the Derivative Action pending resolution of the motion to dismiss in the Securities Action could also promote judicial efficiency and economy;

NOW THEREFORE, IT IS HEREBY STIPULATED, by and among the parties hereto, subject to the approval of the Court, that:

1. Undersigned counsel for Defendants are authorized to accept, and hereby do accept as of the date this Stipulation is entered in the docket as an Order, service of the complaint filed in the Derivative Action on behalf of all Defendants, without prejudice and without waiver of any of Defendants' defenses, objections, or arguments in this matter, except as to sufficiency of service of process.

2. Except as provided below, the Derivative Action is hereby stayed in its entirety and shall remain stayed pending resolution of the motion to dismiss in the Securities Action. Notwithstanding the foregoing, the stay shall not prohibit Plaintiff from filing an amended or consolidated complaint. Further, the parties may agree to lift the stay in a written stipulation filed with the Court, and any party to the Derivative Action may move the Court to lift the stay for good cause on thirty (30) days' prior written notice (except in exigent circumstances) to all other parties, subject to the other parties' right to oppose such motion or to seek to extend the stay. If the stay is not lifted earlier, then the stay will expire when the motion to dismiss in the Securities

Action is resolved or when the Securities Action is otherwise concluded via a settlement or judgment at the U.S. District Court level, whichever occurs first.

3. During the pendency of the stay, Defendants shall not be required to move, answer, or otherwise respond to, and Defendants are hereby expressly relieved from moving, answering, or otherwise responding to, the complaint, or any future amended or consolidated complaint, in the Derivative Action.

4. Within thirty (30) days of the termination of this stay, counsel for Plaintiff and counsel for Defendants shall meet and confer concerning a schedule for further proceedings and will submit a proposed schedule for the Court. If Plaintiff and Defendant are unable to agree on a proposed schedule, each side will submit proposed schedules to the Court for the Court's consideration. Nothing in this Stipulation shall prevent or prejudice Defendants from moving for another stay of proceedings based on the pendency of other legal actions, or a change in facts related to this case or other legal actions.

5. If J2 provided or provides copies of any books and records to a stockholder in response to any demand made pursuant to 8 *Del. C.* § 220 ("Section 220") that relates to the subject matter of the Derivative Action, including, but not limited to the stockholders International Union of Operating Engineers of Eastern Pennsylvania and the Delaware Orlando Police Pension Fund, prior to or during the pendency of the stay, J2 will produce copies of such books and records to Plaintiff (i) within seven (7) calendar days of the date of entry of this stipulation if such documents have already been provided to any stockholders who made Section 220 requests, or (ii) within three (3) calendar days of the date such documents are produced to the stockholders who made the Section 220 requests. Plaintiff hereby agrees that copies of any documents provided to Plaintiff pursuant to this paragraph 5 shall be deemed incorporated by reference into any future

amended or consolidated complaint in the Derivative Action, and Plaintiffs shall not make any argument to the contrary in any motion or otherwise.

6. Plaintiff's right to receive copies of the documents described in paragraph 5 above, however, is contingent upon Plaintiff's prior written agreement to be bound by the terms of any confidentiality agreement or order governing the use of documents produced in response to any such Section 220 demand. To avoid any doubt, notwithstanding any contrary provisions in the other confidentiality agreements or orders, Plaintiff shall be entitled to use in pleadings and otherwise all such produced documents in the Derivative Action, provided such use is consistent with the terms for treatment of confidential information as set forth in the respective confidentiality agreements or orders. Moreover, after the stay is no longer in effect, this Stipulation does not preclude Plaintiff from seeking further discovery as Plaintiff deems appropriate pursuant to the applicable rules governing the conduct of this Derivative Action, including the Federal Rules of Civil Procedure. Similarly, Defendants reserve all rights to resist any such further discovery on grounds that may be appropriate, including under the provisions of the Private Securities Litigation Reform Act or the Federal Rules of Civil Procedure.

7. Defendants shall promptly notify Plaintiff of any Related Derivative Action of which Defendants become aware.

8. If there is a mediation to resolve claims asserted in any threatened or actual related derivative lawsuit, including, but not limited to, the derivative action under the caption *International Union of Operating Engineers of Eastern Pennsylvania and Delaware v. Richard Ressler, et al.*, Case No. 2020-0819 (Del. Ct. Ch.), Defendants will invite Plaintiff to participate in any such mediation.

9. If there is a mediation to resolve claims asserted in the Securities Action, Defendants shall notify Plaintiff in advance of any such mediation, and if the parties to the

Securities Action enter into a stipulation of settlement in the Securities Action, then that shall constitute good cause if Plaintiff opts to exercise his right to move the Court to lift the stay pursuant to paragraph 2 herein.

10. Unless otherwise ordered by the Court, this order, including the terms of the temporary stay, shall apply to any stockholder derivative actions that may later be instituted in, or transferred to, this Court that involve similar or related claims, that are consolidated with this action, or that are otherwise deemed related to this action.

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

OF COUNSEL:

THE BROWN LAW FIRM, P.C.
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
(516) 922-5427
tbrown@thebrownlawfirm.net

THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue, 34th Floor
New York, NY 10016
(212) 686-1060
pkim@rosenlegal.com

*Attorneys for Plaintiff*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ R. Judson Scaggs, Jr.
R. Judson Scaggs, Jr. (#2676)
Susan W. Waesco (#4476)
Daniel T. Menken (#6309)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rscaggs@morrisnichols.com
swaesco@morrisnichols.com
dmenken@morrisnichols.com

*Attorneys for Defendants Vivek Shah, R. Scott Turicchi, Douglas Y. Bech, Robert J. Cresci, Sarah Fay, W. Brian Kretzmer, Jonathan F. Miller, and Stephen Ross and for Nominal Defendant J2 Global, Inc.*

RICHARDS, LAYTON & FINGER, P.A.

/s/ Raymond J. DiCamillo
Raymond J. DiCamillo (#3188)
Matthew D. Perri (#6066)
920 North King Street
Wilmington, DE 19801
(302) 651-7786
dicamillo@rlf.com
perri@rlf.com

*Attorneys for Defendants Nehemia Zucker and Richard S. Ressler*

Date: March 3, 2021

IT IS SO ORDERED this _____ day of _______________, 2021.

_____________________________________
CHIEF, UNITED STATES DISTRICT JUDGE